# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MEJIA PLASENCIA, | CASE NO. 1:05-CV-00344-REC-SMS-P |
| Plaintiff, | ORDER STRIKING COMPLAINT FOR LACK OF SIGNATURE, AND REQUIRING PLAINTIFF TO FILE SIGNED COMPLAINT |
| v. | |
| MRS. STUMP, et al., | (Doc. 1) |
| Defendants. | ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF <u>BIVENS</u> COMPLAINT FORM |

Plaintiff Joel Mejia Plasencia ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on March 11, 2005.

A review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A revealed that plaintiff did not sign his complaint. All documents submitted for filing must include the original signature of the filing party or parties. Local Rule 7-131; Fed. R. Civ. P. 11(a). Because plaintiff failed to sign his complaint, it must be stricken from the record.

In reviewing plaintiff's complaint in an attempt to locate a signature, the court noted that plaintiff's statement of his claim is interspersed amongst exhibits. In amending his complaint, plaintiff is directed to comply with Rule 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of

notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

All of plaintiff's claims should be set forth in one section of the complaint. Although plaintiff may attach additional pages, those pages should be in consecutive order, not interspersed amongst the exhibits. It is not the court's duty to wade through plaintiff's eighty-five page complaint and parse out from in amongst the lengthy exhibits the attached pages on which plaintiff sets forth his claims.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is STRICKEN from the record for lack of signature;

2. The Clerk's Office shall send plaintiff a Bivens complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. The failure to file an amended complaint in compliance with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **August 9, 2005**             **/s/ Sandra M. Snyder**
icido3                                                UNITED STATES MAGISTRATE JUDGE