# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MEJIA PLASENCIA, | CASE NO. 1:05-CV-00344-REC-SMS-P |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 11) |
| MRS. STUMP, et al., | |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Joel Mejia Plasencia ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on March 11, 2005. Pursuant to the court's order of August 9, 2005, plaintiff's complaint was stricken for lack of signature. Plaintiff filed an amended complaint on August 22, 2005.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] In several places in his amended complaint, plaintiff refers back to information set forth in his original complaint. However, plaintiff's original complaint was stricken from the record and cannot be considered by the court for any further purpose, as it is now considered a nullity. Additionally, a pleading must be complete within itself without reference to a prior pleading. Plaintiff's amended complaint is now the operative pleading, so even if the original complaint had not been stricken from the record, the court would not look to it for any information contained therein.

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Summary of Plaintiff's Amended Complaint

1.   Parties and Relief

The events at issue in the instant action allegedly occurred at the California City Correctional Center in Kern County, plaintiff was incarcerated at the time. Plaintiff names Stump, Ayers, Steven

Pysher,[2] Elizabeth Juarez, Rico, and Warden Charles Gilkey as defendants. Plaintiff is seeking money damages.

          2.      Plaintiff's Claims

Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's specific legal claims are somewhat difficult to ascertain because plaintiff's allegations are set forth in narrative form which is largely confusing and includes many facts which would not support a claim for relief under federal law. Toward the end of his amended complaint, plaintiff utilizes a form complaint to set forth his claims against each defendant, although the precise legal claims are still not set forth. (Amend. Comp., pgs. 12-14.[3]) The court will use the form complaint section to frame its analysis of plaintiff's claims and will include any other legal standards that appear to be applicable. Given that the amended complaint is less than clear in parts, it is possible that plaintiff may be attempting to pursue additional claims that are not identified by the court in this order. If that is the case, plaintiff bears the responsibility of clarifying in his second amended complaint any additional claims, as well as curing any deficiencies identified by the court in this order.

          a.      Defendant Pysher

Plaintiff alleges that defendant Pysher withheld his legal mail, confiscated his books, threw out his personal property, and denied him access to his legal property. (Amend. Comp., pg. 12.)

///
///

---

[2] Also spelled Phsher in the amended complaint.

[3] The pages of plaintiff's amended complaint are not numbered consecutively. The page numbers set forth by the court correspond to what the page numbers would be had the complaint been numbered consecutively.

### 1) Interference with Legal Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, plaintiff's conclusory allegation that defendant would not allow him to have his legal mail while he was in segregation is insufficient to support a claim for relief. It is unclear if plaintiff was precluded entirely from reviewing his mail upon receipt or if, instead, plaintiff was simply not allowed to keep the mail with him in his segregation cell. Also, plaintiff has not alleged if the mail was permanently withheld, or if he suffered any injury.[4]

### 2) Property Deprivation

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, the any unauthorized deprivation of plaintiff's property by defendant, either negligent or intentional, does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment. Hudson v. Palmer, 468 U.S. 517, 530-34 (1984).

### 3) Legal Property

As with plaintiff's legal mail claim, plaintiff's claim based on the withholding of his legal property is unclear. To the extent that plaintiff is attempting to state a claim for denial of access to the courts, such a claim fails. Plaintiff has not alleged any facts suggesting that as a result of defendant's action, he suffered an actual injury relating to a direct criminal appeal, habeas petition, or civil rights action. Lewis v. Casey, 518 U.S. 343 (1996).

### 4) Discrimination

Plaintiff appears to be attempting to state a claim against defendant for discrimination, in violation of the Equal Protection Clause. However, plaintiff's allegations concerning defendant's motive and conduct relate to a disciplinary issue which led to the loss of twenty-seven days of good time credits. Where "success in a . . . damages action would implicitly question the validity of

---

[4] If the withholding of mail caused plaintiff to suffer an actual injury with respect to a direct criminal appeal, habeas petition, or civil rights action, he may have be able to pursue a claim for relief based on denial of access to the courts.

4

conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).  Because the punishment imposed at the disciplinary hearing affected the duration of plaintiff's sentence, any claims stemming from the disciplinary charge and conviction, including but not limited to discrimination, retaliation, or due process, are absolutely barred until such time as plaintiff invalidates the result of the disciplinary hearing.

          b.      Defendant Ayers

Plaintiff alleges that defendant Ayers used racial epithets against him and stated he should be punished harshly, in contravention of the policy that probable cause exist to detain plaintiff. (Amend. Comp., pg. 12.)  Plaintiff alleges that defendant Ayers accused plaintiff of planning to escape based on a book plaintiff had in his possession on locksmiths, and ordered him placed in segregation.  (Id., p. 7.)

          1)      Racial Epithets/Discrimination

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  To the extent that plaintiff is attempting to state an equal protection claim, plaintiff's allegations fall short of stating a claim.  Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir.

1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

### 2) Deprivation of Liberty Interest

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state or federal law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Protectable liberty interests are not created by way of mandatory language in prison regulations. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Although plaintiff alleges he was deprived of liberty without justification, plaintiff has not alleged any facts supporting a finding that he was deprived of a protected liberty interest. Plaintiff must do more than assert that he had a liberty interest at stake. Until and unless plaintiff's alleges facts sufficient to indicate the existence of a liberty interest, the court does not reach whether or not plaintiff was deprived of that interest without due process of law.[5]

///

///

---

[5] "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. Further, "some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

c. <u>Defendant Stump</u>

Plaintiff alleges that defendant Stump conducted unreasonable searches and seizures, and confiscated items without leaving a confiscation notice as required by institutional policy. (Amend. Comp., pg. 12.)

1) <u>Searches</u>

An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." <u>Hudson</u>, 468 U.S. at 536. However, the Cruel and Unusual Punishment Clause of the Eighth Amendment protects inmates against searches which are unduly harassing or unreasonable. <u>Id</u>. at 530. In this instance, plaintiff has not alleged any facts which suggest that the searches at issue rose to the level of a violation of the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotations and citations omitted).

2) <u>Property Deprivation</u>

As previously set forth, the allegation of unauthorized deprivations of property does not give rise to a claim for relief under the Due Process Clause. <u>Hudson</u>, 468 U.S. at 530-34.

d. <u>Defendant Gilkey</u>

Plaintiff alleges that defendant Gilkey, the warden, ignores inmates' requests and failed to respond to plaintiff's written complaints. (Amend. Comp., pg. 13.)

Supervisory personnel cannot be held liable in a <u>Bivens</u> action for the actions of their employees under a theory of <u>respondeat superior</u>. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991). When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them;

7

or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

The allegation that plaintiff sent defendant sixty "cop-outs" is sufficient to demonstrate notice. See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). However, in order to state a cognizable claim against defendant Gilkey, plaintiff must allege an underlying violation of his rights which is cognizable under Bivens and must allege facts supporting a finding that defendant Gilkey was aware of that specific cognizable violation(s) but failed to take action to stop the violation.

### e. Defendant Juarez

Plaintiff alleges that defendant Juarez caused him to be held in the segregation unit without privileges for six months. Plaintiff alleges that defendant Juarez first sentenced him on a charge that accrued while he was segregated, went on vacation, and then sentenced him to the original charge that led to his placement in segregation after she returned. (Amend. Comp., pg. 13.)

#### 1) Due Process

While plaintiff was in segregation due to the allegation that he was attempting to escape, plaintiff was charged by defendant Juarez with threats to another with bodily harm. Plaintiff was found guilty of the charge and lost twenty-seven days of good time credits. As previously set forth, because the length of plaintiff's sentence was affected by the loss of the credits, any claims arising from the threat charge and the finding of guilt, including retaliation, discrimination, and denial of due process, are barred until such time as plaintiff invalidates the result of the finding of guilt. Muhammad, 540 U.S. at 751.

### f. Defendant Rico

Finally, plaintiff alleges that defendant Rico charged him with a disciplinary violation while he was in segregation in order to cause plaintiff to be held longer in segregation. (Amend. Comp., pg. 14.) The disciplinary violation plaintiff was allegedly charged with by defendant Rico was threats to another, which led to the loss of time credits. As such, any claims against defendant Rico

8

stemming from this incident are barred until such time as plaintiff invalidates the result of the disciplinary hearing. Muhammad, 540 U.S. at 751.

C.  Conclusion

The court finds that plaintiff's amended complaint does not comply with Rule 8(a) and does not contain any claims upon which relief may be granted pursuant to Bivens. The court will provide plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed, with leave to amend, for failure to comply with Rule 8(a) and failure to state any claims upon which relief may be granted;

2.  The Clerk's Office shall send plaintiff a Bivens complaint form;

3.  Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

4.  If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to

obey a court order, failure to comply with Rule 8(a), and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   April 12, 2006**              /s/ Sandra M. Snyder
icido3                       UNITED STATES MAGISTRATE JUDGE