IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MEJIA PLASENCIA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MRS. STUMP, et al., )<br>)<br>    Defendants. )<br>_____) | 1:05-cv-00344-REC-SMS-P<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>(Doc. 13) |

    Plaintiff Joel Mejia Plasencia ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    By order filed April 13, 2006, the court found that plaintiff's amended complaint failed to state any claims for relief against the named defendants. The court dismissed plaintiff's amended complaint and ordered plaintiff to file a second amended complaint within thirty days from the date of service of that order. More than thirty days have passed and plaintiff has not filed an second amended complaint or otherwise responded to the court's order.

1

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

2

1  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
2  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
3  Ghazali, 46 F.3d at 53.
4       In the instant case, the court finds that the public's
5  interest in expeditiously resolving this litigation and the court's
6  interest in managing the docket weigh in favor of dismissal.  The
7  third factor, risk of prejudice to defendants, also weighs in favor
8  of dismissal, since a presumption of injury arises from the
9  occurrence of unreasonable delay in prosecuting an action.
10 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
11 factor -- public policy favoring disposition of cases on their
12 merits -- is greatly outweighed by the factors in favor of
13 dismissal discussed herein.  Finally, a court's warning to a party
14 that his failure to obey the court's order will result in dismissal
15 satisfies the "consideration of alternatives" requirement.  Ferdik
16 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
17 779 F.2d at 1424.  The court's order of April 13, 2006, requiring
18 plaintiff to file a second amended complaint, expressly stated: "If
19 plaintiff fails to file a second amended complaint in compliance
20 with this order, the court will recommend that this action will be
21 dismissed, without prejudice, for failure to obey a court order,
22 failure to comply with Rule 8(a), and failure to state a claim upon
23 which relief may be granted."  Thus, plaintiff had adequate warning
24 that dismissal would result from non-compliance with the court's
25 order.
26 ///
27 //
28 /

3

1    Accordingly, it is HEREBY RECOMMENDED that this action be
2 DISMISSED, without prejudice, for plaintiff's failure to obey the
3 court's order of April 13, 2006, failure to comply with Rule 8(a),
4 and failure to state a claim upon which relief may be granted.
5    These Findings and Recommendations are submitted to the United
6 States District Judge assigned to the case, pursuant to the
7 provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**
8 after being served with these Findings and Recommendations,
9 plaintiff may file written objections with the court.  Such a
10 document should be captioned "Objections to Magistrate Judge's
11 Findings and Recommendations."  Plaintiff is advised that failure
12 to file objections within the specified time may waive the right to
13 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
14 (9th Cir. 1991).

16 IT IS SO ORDERED.

17 **Dated:   May 25, 2006**              **/s/ Sandra M. Snyder**
   icido3                             UNITED STATES MAGISTRATE JUDGE

4