# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MEJIA PLASENCIA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MRS. STUMP, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00344-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 18) |

I.　Findings and Recommendations Following Screening of Second Amended Complaint

　　A.　Procedural History

　　Plaintiff Joel Mejia Plasencia ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed the original complaint in this action on March 11, 2005, and an amended complaint on August 22, 2005. On April 13, 2006, the court dismissed plaintiff's amended complaint, with leave to amend, for failure to state a claim upon which relief may be granted and failure to comply with Federal Rule of Civil Procedure 8(a). Plaintiff filed a second amended complaint on August 21, 2006.[1]

///

---

[1] Plaintiff's inclusion of his habeas case number in the caption of his second amended complaint is disregarded. Plaintiff's habeas case, number 1:03-CV-06296-AWI-LJO-HC, was dismissed on December 15, 2003, and the filing of a civil rights complaint in a habeas action is inappropriate in any event.

B.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

C. <u>Plaintiff's Claims</u>

The events at issue in the instant action allegedly occurred at the California City Correctional Center in Kern County, plaintiff was incarcerated at the time. Plaintiff names prison officials Stump, Ayers, Steven Pysher, Elizabeth Juarez, Rico, and Warden Charles Gilkey as defendants. Plaintiff is seeking money damages or a sentence reduction. Relief affecting the length of plaintiff's sentence must be raised in a petition for writ of habeas corpus and may not be sought in this civil rights action. See <u>McCarthy v. Bronson</u>, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973)

1. <u>Claims Barred by Habeas Exhaustion Rule</u>

Plaintiff's claims arise from events surrounding a locksmith book plaintiff bought. Plaintiff alleges that book was approved by the institution but subsequently confiscated by defendant Stump approximately six months later. Plaintiff alleges he filed a grievance against defendant Stump, which angered her. Plaintiff alleges that the situation was brought to the attention of defendant Ayers, who summoned plaintiff, called plaintiff names in English thinking plaintiff did not understand her, and placed plaintiff in administrative segregation. Plaintiff alleges that after he refused to sign papers presented to him by defendant Rico following his placement in segregation, defendant Rico falsely accused him of threatening to kill defendant Ayers. Plaintiff alleges he was charged and found guilty. Plaintiff alleges his property was withheld and when he complained, he was occasionally told the property was still under investigation.

Plaintiff lost time credits as a result of being found guilty of the charges against him.[2] (Doc. 13, 8:11-9:2; Amend. Comp.) Where "success in a . . . damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." <u>Muhammad v. Close</u>, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (applying <u>Heck</u>

---

[2] Although plaintiff omitted the allegation concerning loss of time credits in his second amended complaint, the allegation was set forth in his amended complaint and was discussed by the court in its order of April 13, 2006. The court takes judicial notice of those parts of the record.

to a prison disciplinary hearing where good-time credits were affected).  Because the punishment imposed at the disciplinary hearing affected the duration of plaintiff's sentence, any claims stemming from the disciplinary charge, hearing, and conviction, including but not limited to discrimination, retaliation, or due process, are absolutely barred until such time as plaintiff invalidates the result of the disciplinary hearing.

2.      Remaining Claims

To state a claim, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens.").  Plaintiff's conclusory allegation that defendant Stump continuously searched cells and confiscated items, which subsequently disappeared, does not give rise to a claim for relief based on violation of plaintiff's constitutional rights.  Hudson v. McMillian, 503 U.S. 1, 9 (1992); Hudson v. Palmer, 468 U.S. 517, 536 (1984).  Neither plaintiff's conclusory allegation that defendant Ayers called him names, see Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (equal protection claims arise from disparate treatment stemming from intentional discrimination against an individual based on his membership in a protected class); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (name calling insufficient not a constitutional deprivation), nor plaintiff's allegation that defendant Ayers ordered him placed in administrative segregation states any claims for relief, Sandin v. Conner, 515 U.S. 472, 481-84 (1995); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  Finally, plaintiff's allegation that defendant Pysher kept plaintiff's property from him, purportedly because it was being investigated does not give rise to a claim for relief.  Hudson, 468 U.S. at 530-34.

C.      Conclusion

The court finds that plaintiff's second amended complaint does not state any claims upon which relief may be granted under Bivens.  In its order of April 13, 2006, the court notified plaintiff of the deficiencies in his claims and provided him with legal standards applicable to his claims. However, plaintiff's second amended complaint again fails to state any claims.  Accordingly, the

court HEREBY RECOMMENDS that:

1. Plaintiff's claims stemming from the disciplinary charge, hearing, and conviction for threatening staff, which resulted in the loss of time credits, are DISMISSED, without prejudice; and

2. Plaintiff's claim(s) against defendant Stump for continuously searching cells and confiscating items, claim(s) against defendant Ayers for calling him names and ordering him placed in administrative segregation, and claim against defendant Pysher for keeping his property from him be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 24, 2006**                    **/s/ Sandra M. Snyder**
icido3                                          UNITED STATES MAGISTRATE JUDGE